UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL M. WILLIAMS,

    Petitioner,

v.                          CAUSE NO. 3:22-CV-292-DRL-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Michael M. Williams, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging his 1989 battery conviction in Allen County under Cause No. 02D04-8905-CF-395. (ECF 2.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must review the petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"

Following a jury trial, Mr. Williams was found guilty of battery and on December 8, 1989, was sentenced to five years in prison and three years of probation. (ECF 2 at 1.) He did not pursue a direct appeal. (*Id.*) In May 2020, he filed a post-conviction petition in state court alleging various claims of ineffective assistance of counsel. (*Id.* at 2.) His petition was denied, and that denial was affirmed on appeal. *Williams v. State*, 182 N.E.3d 890 (Table), 2022 WL 212238 (Ind. Ct. App. 2022). The Indiana Supreme Court denied his petition to transfer in March 2022. *Williams v. State*, ---N.E.2d---, 2022 WL 1085491 (Ind. 2022).

On April 12, 2022, he filed this federal petition asserting claims of ineffective assistance of trial counsel: that counsel failed to conduct an adequate pretrial investigation; failed to file a motion to suppress; failed to object to certain testimony during trial; gave an improper opening statement; failed to object to prosecutorial misconduct during closing argument; failed to present exculpatory evidence; failed to advise him properly on his right to appeal; and failed to communicate a plea offer made by the prosecution.

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) contains a strict statute of limitations, set forth as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Mr. Williams does not assert, nor does the court find any basis to conclude, that his claims are based on newly discovered facts or a new Supreme Court case. He asserts straightforward claims of ineffective assistance of counsel, and the factual and legal basis for these claims would have been available to him at the time of trial. He also does not assert that a state-created impediment prevented him from filing his federal petition on time.

Thus, 28 U.S.C. § 2244(d)(1)(A) applies. Because Mr. Williams's conviction became final prior to the adoption of AEDPA in 1996, he had one year from the date of its enactment, or until April 1997, to pursue federal habeas relief. *See De Jesus v. Acevedo*, 567 F.3d 941, 942 (7th Cir. 2009); *Fernandez v. Sternes*, 227 F.3d 977, 978 (7th Cir. 2000). The present petition is thus late by more than two decades. Although he sought post-conviction review in 2020, the federal deadline had already expired when he filed his state post-conviction petition. The state court's subsequent denial of post-conviction relief did not restart the federal deadline or open a new "window" for federal habeas review. *De Jesus*, 567 F.3d at 942-43.

When asked to explain why his petition should be deemed timely, Mr. Williams simply provides the relevant dates of the state court proceedings. (ECF 2 at 14-15.) He appears to believe the petition is timely because he filed it within one year of the Indiana Supreme Court's decision on post-conviction review. As explained, however, the federal

3

deadline expired long before he pursued post-conviction relief in state court. Therefore, the petition is untimely and must be dismissed.[1]

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. As stated, Mr. Williams's petition is untimely by more than two decades, and he does not provide any potential basis for excusing its untimeliness. The court finds no basis to conclude that reasonable jurists would debate the correctness of this ruling or find a reason to encourage him to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, he will not be granted a certificate of appealability.

For these reasons, the court DISMISSES the petition (ECF 2) pursuant to Rule 4 of the Rules Governing Section 2254 Cases, DENIES the petitioner a certificate of appealability, and DIRECTS the clerk to close this case.

SO ORDERED.

April 15, 2022              *s/ Damon R. Leichty*
                            Judge, United States District Court

---

[1] It appears unlikely that Mr. Williams is still "in custody" in connection with his 1989 battery conviction. *See Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401 (2001); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). Instead, it appears from public records he is currently serving an 80-year sentence for attempted murder and attempted robbery committed in 1998. *See State v. Williams*, 02D04-9803-CF-000156 (Allen Sup. Ct. closed Apr. 9, 1999). Based on the limited records before the court, however, the court cannot determine definitively whether he is facing some collateral consequence of the 1989 conviction (such as an unexpired term of probation), and will assume without deciding that he satisfies the threshold "in custody" requirement.